IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYNORYDER PRODUCTIONS, INC., )
                                       )
        Plaintiff,            )    No.   6:13-cv-539-TC
                                       )
      v.                        )    ORDER and
                                       )    FINDINGS AND RECOMMENDATION
                                       )
DOES 1-23,                      )
                                       )
        Defendants.          )
                                       )
_____ )

COFFIN, Magistrate Judge:

    Plaintiff RynoRyder Productions filed this action on March 28, 2013, asserting copyright infringement against 23 users of various BitTorrent clients, identified only by their internet protocol (IP) addresses. Plaintiff alleges defendants collectively interconnected to illegally copy and distribute plaintiff's film

1 - ORDER

*Evidence* after decryption of the DVD version of the film. Plaintiff seeks to expedite discovery so that it can subpoena the various internet service providers (ISP) for identity of the account holders associated with each IP address of the alleged infringers.

A BitTorrent client allows a group of users, through a torrent file and tracker, to share small pieces of a larger file with numerous other users to eventually download the whole file to each individual user. Through the instant motion, plaintiff seeks to identify the identities of the BitTorrent users who joined in the distribution of the pieces of *Evidence*.

Plaintiff seeks an order to take discovery, prior to a Rule 26 conference, allowing it to subpoena records from various internet service providers in Cottage Grove, Portland, Woodburn, Clackamas, Tualatin, Redmond, Beaverton, Eugene, Fairview, Corvallis, and Newberg, all located within two different divisions within the District of Oregon. The allegations demonstrate participation in the alleged "collective" activity of sharing on dates ranging from December 1, 2012, through March 1, 2013.

As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant. See e.g.,

2 - ORDER

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Exceptions to the general rule are disfavored. Id.

A court does have jurisdiction to determine the facts relevant to whether or not it has in personam jurisdiction in a given case. See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). A court's decision to grant discovery to determine jurisdictional facts is a matter of discretion. See id. Ubiquitous internet usage has given rise to the not so rare case that appears to qualify as "the rare case" that should permit discovery prior to service on a defendant. This is because internet usage can be done anonymously and it is stealthy tool for conducting copyright infringement. Accordingly, the need to discover copyright infringers, who conduct their activities relatively anonymously, through peer to peer networks, must be balanced against the reluctance for permitting filings against Doe defendants and the traditional enforcement of strict compliance with service requirements.

A court's discretion to allow discovery pre service is guided by the following factors:

First, the plaintiff should identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court. See e.g., Wells Fargo, 556 F.2d at 430 n. 24.

Second, the party should identify all previous steps taken to

3 - ORDER

locate the elusive defendant. See Plant v. Does, 19 F.Supp.2d 1316, 1320 (S.D.Fla. 1998).

Third, plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. See Gillespie, 629 F.2d at 642.

In this case, the IP addresses of the alleged infringers has been identified and their respective ISPs can match those addresses to actual names and physical addresses. Plaintiff has already taken steps to identify the IP addresses and general physical locations. However, the nature of this and other bittorrent cases gives rise to a problem beyond pre-service discovery, i.e., prejudicial joinder.

The district court has already determined, in a similar action involving Doe defendants utilizing BitTorrent, that joinder is inappropriate and that individual cases should be pursued. I agree, for the reasons stated in Voltage Pictures v. Does 1-198, 6:13-cv-290-AA, Order dated May 4, 2013 (#50), and all Doe defendants should be severed and Doe defendants 2-23 should be dismissed from this action. Accordingly, the motion for an order permitting plaintiff to take limited expedited discovery prior to the Rule 26 conference to ascertain the specific identity of the defendants listed in Exhibit 1 of the complaint is denied as moot.

4 - ORDER

CONCLUSION

For the reasons stated above, plaintiff's motion for an order permitting plaintiff to take limited expedited discovery prior to the Rule 26 conference (#3) is denied as moot. Doe defendants 2-23 should be severed and dismissed from this action and plaintiff should submit an amended complaint within 10 days.

The recommendation to sever and dismiss Doe defendants is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this ___14___ day of May, 2013.

5 - ORDER

```
                         _____
                              THOMAS M. COFFIN
                         United States Magistrate Judge
```

6 - ORDER